**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-6726**

———————

KARIM ABDUL AKBAR,

Plaintiff - Appellant,

versus

DIRECTOR OF NORTH CAROLINA PRISONS, and
Institution Employees at those prisons;
CHARLES HILL, Superintendent at Odom Prison,

Defendants - Appellees,

and

GARY T. DIXON, Manager, Institution Command;
GENE BARBER, Correctional Officer; NURSE
DAVIS, Nurse at Central Prison; NURSE JOYNER,
Nurse at Odom Prison; NURSE PERKINSON, Nurse
at Odom Prison; NURSE THOMPSON, Head Nurse at
Odom Prison,

Defendants.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Fox, Senior
District Judge. (CA-98-361-5-F)

———————

Submitted:  October 18, 2002          Decided:  November 13, 2002

———————

Before WIDENER, WILKINS, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

Karim Abdul Akbar, Appellant Pro Se.  John Payne Scherer, II, Assistant Attorney General, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Karim Abdul Akbar appeals the district court's order denying relief on his 42 U.S.C. § 1983 (2000) complaint.  We have reviewed the record and the district court's opinion and find no reversible error.  Accordingly, we affirm for the reasons stated by the district court.[*]  <u>Akbar v. Director of North Carolina Prisons</u>, No. CA-98-361-5-F (E.D.N.C. filed Mar. 27, 2002; entered Mar. 28, 2002).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] We decline to address Akbar's claim under the Religious Land Use and Institutionalized Persons Act of 2000, Pub. L. No. 106-274, 114 Stat. 803, because this claim was not properly presented to the district court and Akbar has not averred, much less demonstrated, that plain error or a miscarriage of justice will result from the failure to review it.  <u>See</u> <u>Muth v. United States</u>, 1 F.3d 246, 250 (4th Cir. 1993).